Nos. 21–35370

---

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

RANDALL MENGES,

*Plaintiff-Appellee,*

v.

AUSTIN KNUDSEN, Attorney General for the State of Montana, et al.,

*Defendants-Appellants.*

---

**On Appeal from the U.S. District Court for the
District of Montana,
Case No. CV 20–178–M–DLC (Hon. Dana L. Christensen)**

---

# Appellee Randall Menges's Opposition to Appellants' "Renewed" Motion to Stay Proceedings

---

Matthew Strugar
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(323) 696-2299
matthew@matthewstrugar.com

Elizabeth K. Ehret
ATTORNEY AT LAW
1880 Shakespeare St., Unit B
Missoula, MT 59802
(732) 312-7400
elizabeth.k.ehret@gmail.com

## Introduction

Appellants seek a years-long stay. This Court has already denied them a years-long stay. They seek reconsideration of that denial outside the time to seek reconsideration and without even attempting to meet the standards for reconsideration. Appellants' motion is frivolous and filed in bad faith for the purpose of creating delay. The Court should deny it and impose sanctions.

## Background

This case asks whether Montana can put people on a sex offender registry for being gay.

In the early 1990s, Plaintiff-Appellee Randall Menges lived at a working ranch for male foster children in Gem County, Idaho. In October 1993, Menges turned 18 and the ranch allowed him to continue to live there and perform ranch work. Two months later, two 16-year-old young men who were sexually active with each other invited Menges to be involved. Menges had sex with both of them. Idaho prosecuted Menges, charging him with its law making it crime to have gay sex: Crime Against Nature, I.C. § 18- 6605. He pleaded guilty to one count. It was 1994.

1

Nine years after his conviction, the Supreme Court departed from earlier precedent and held the right to participate in oral and anal sex was protected by Substantive Due Process and invalidated laws that criminalized such activity as the law's only element. *Lawrence v. Texas*, 539 U.S. 558, 578 (2003).

But Idaho still forced Menges to register as a sex offender based on his 1994 conviction. So, after he found counsel willing to try to help him, he (and a pseudonymous other plaintiff) sued in Idaho challenging his registration requirement. That case is *John Doe & Randall Menges v. Lawrence Wasden, et al.*, Case No. 20-cv-00452-BLW (D. Idaho) ("the Idaho case").

While that case was pending, Menges relocated to Montana. Montana also required Menges to register based on his 1994 Crime Against Nature conviction, as Montana independently requires individuals to register for offenses registerable in the convicting state. Mont. Code Ann. § 46-23-502(9)(b). So Menges filed suit in Montana, too. That case was *Menges v. Knudsen*, Case No. 20-cv-78-M-DLC (D. Montana) ("the Montana case").

2

The District of Montana held a bench trial in March 2021. It issued a final order and judgment for Menges on each of his claims in May 2021. Montana appealed immediately. That is this case. Appellants' opening brief was initially due August 2, 2021. (Dkt. Entry 1-1.)

The District of Idaho issued an order granting Doe and Menges' motion for a preliminary injunction—and granting in part and denying in part Idaho's motion to dismiss—four months later. Idaho appealed the grant of the preliminary injunction a month after that.

Appellants in this case asked the Court mediator for a 30-day extension to file their opening brief. They obtained it. (Dkt. Entry 6.) They then obtained their 30-day streamlined extension. (Sept. 17, 2021 Text-Only Docket Entry.)

Then, the day before their opening brief was due, Appellants asked this Court to stay the proceedings in their appeal from the final order and judgment not just until this Court resolves Idaho's appeal from the order granting a preliminary injunction, but until final resolution of the Idaho case. (Dkt. Entry 18-1.) And they just refused to timely file their opening brief.

3

The Court denied that motion on October 29, 2021 and gave Appellants another 31-day extension from the date of the order to file their opening brief—to November 29, 2021. (Dkt. Entry 22.)

Now, 21 days after the Court denied their first motion and ten days before their opening brief was again due, Appellants ask the Court to reconsider their motion to stay but dress it up as a "renewed" motion. And they again refuse to file their opening brief.

Appellants are trying (and so far, succeeding) to stall out their own appeal. This Court should deny Appellants' second bite at this apple and sanction Appellants for filing their frivolous motion in bad faith.

## Argument

The Court should deny Appellants' motion because it is a poorly disguised motion for reconsideration that is filed too late and fails to meet the standards for reconsideration. It should also deny the "renewed" motion for all the reasons that existed to deny it the first time. Because the motion is filed in bad faith for the purpose of imposing delay, this Court should sanction Appellants for filing this motion. And the Court should deny Appellants any more extensions for

filing their opening brief because they are gaming the Court with these motions to stall out their own appeal.

## I. Appellants' Motion is an Improper, Out-of-Time Motion for Reconsideration

Motions for "reconsideration of a court order that does not dispose of the entire case . . . in this Court must be filed within 14 days after entry of the order." 9th Cir. R. 27-10(a)(2). Thus, the deadline to seek reconsideration of the Court's October 29, 2021 Order denying Appellants' motion to stay appellate proceedings expired after November 12, 2021. Appellants' "renewed" motion was a week late. It should be denied on that basis alone. 9th Cir. R. 27-10(a)(2).

Appellants, in a footnote, claim they do not have to follow the rules for a reconsideration motion because this Court's order denying their motion wasn't good enough. As the Appellants would have it, the Court's order, "[s]imply put," was not an order at all "[b]ecause the Court summarily denied the motion" and therefore "did not previously decide the merits of the initial motion or issue a prior ruling on [Appellants'] substantive arguments." Appellants' "Renewed" Motion at 2, n. 2.

Nonsense. The Court's Order is an Order. Appellants cannot seek reconsideration—or dodge the reconsideration rules altogether—because they don't believe the Court explained itself well enough.

The authority Appellants cite provides no cover for flouting this Court's rules. Their thirty-year-old case from the Federal Circuit considers a motion styled as a "renewed" motion to stay but everything in the opinion suggests it was "renewed" only in the sense that the appellants first sought a stay in the district court, as *required* by Rule 8 of the Federal Rules of Appellate Procedure. *Standard Havens Prods v. Gencor Indus.*, 897 F.2d 511, 512 (Fed. Cir. 1990). And Appellants' Fourth Circuit case involved renewed district court motions, not appellate motions, and the Fourth Circuit found that they were "renewed" motions because—unlike Appellants' motions here that are brought on the same ground as their original failed motion—they "presented different issues than did the Initial Motions." *Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 715 (4th Cir. 2015).

Appellants' objection appears to stem from the denial being issued by a Deputy Clerk of the Court, and not the Court's motion panel. But that fact does not allow Appellants to ignore this Court's rules, either.

Circuit Rule 27-10 has procedures for a motion for reconsideration of an order issued by a Deputy Clerk, including that the reconsideration motion "is initially directed to the individual who issued the order or, if appropriate, to his/her successor," and, "[i]f that individual is disinclined to grant the requested relief," it "is referred to an appellate commissioner." 9th Cir. R. 27-10(b).

The Rules exist for a reason. Appellants cannot just decide that they did not like how the Court ruled on their motion and decree that their motion is "renewed" instead of one for reconsideration to evade the Rules. And because Appellants flout the Court's rules for an improper purpose—delay—they should be sanctioned, as explained below. *See* Section IV, *infra*.

## II. Appellants Do Not Even Attempt to Meet the Standards for Reconsideration

Even if their motion was timely, Appellants fail to meet the standards for obtaining reconsideration. A party seeking reconsideration of a Ninth Circuit Order must "state with particularity the points of law or fact which, in the opinion of the movant, the Court has overlooked or misunderstood." 9th Cir. R. 27-10(a)(3). The party

must also "state[ ] with particularity" any "[c]hanges in legal or factual circumstances which may entitle the movant to relief." *Id.*

Absent from these appropriate grounds for reconsideration is Appellants' ground: believing that the Court failed to explain itself well enough. Appellants do not state with particularity the points of law or fact which it believes the Court has overlooked or misunderstood, apart from repeating the same grounds it moved on the first time.

Because Appellants do not meet this Court's standard for reconsideration, and do not even attempt to do so, the Court should deny the motion.

## III. The Court Should Deny Appellants' "Renewed" Motion for the Same Reasons Their First Motion Was Denied

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

Appellants have not shown that need and they have not shown this is one of those rare cases.

### A.      Appellants Fail Their Burden of Showing an Indefinite Stay Is Appropriate

"Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Appellants seek an indefinite stay. While their renewed motion is somewhat more cryptic on this point than their original motion was, they do not appear to seek a stay while this Court resolves the appeal from the issuance of a preliminary injunction in the Idaho action. Instead, Appellants appear to seek a stay until *final* resolution of the Idaho action on the merits. *See* Appellants' Renewed Motion at 9 (stating Appellants' appeal will be moot "if [Menges] succeeds in turning his Idaho preliminary injunction into a permanent one"); 10 ("The State's appeal will be moot if—*after final resolution*—Menges succeeds in permanently removing himself from the Idaho sex offender registry." (emphasis added)). Appellants' request must be for a stay pending final resolution of the Idaho action because this Court's determination on the preliminary injunction in the Idaho case will not offer the final

resolution of Menges's Idaho registration obligations on which Appellants base their request for a stay.

Final resolution of the Idaho case is likely years away. There is currently no trial date set. Amended Scheduling Order in the Idaho Case, attached as Exhibit A to the Declaration of Matthew Strugar, at 2. Dispositive motions are due at the end of May 2022. *Id*. After briefing and argument, a decision on dispositive motions is likely to be a year away. A trial would come after that. And an appeal from an order granting ultimate relief on a dispositive motion or after trial would add another year or two.

Even those dates might not hold. The Idaho defendants are seeking a stay of the proceedings in the district court until this Court rules on their appeal from the order entering a preliminary injunction. Motion to Stay Proceedings Pending Outcome on Appeal in the Idaho case, attached as Exhibit B to Strugar Declaration. If they succeed, that stay would continue to delay the ultimate resolution of the Idaho action. And because discovery has only just begun in the Idaho case, it is impossible to know whether either side will seek, and whether the

district court will grant, extensions of the current deadlines in that case.

In short, it is impossible to know when the Idaho case will reach ultimate resolution, but it is likely to be years away.

The indefinite length of Appellants' requested stay substantially weighs against entering any stay. *Dependable Highway Exp.*, 498 F.3d at 1066.

## B. It is Unclear that Even Ultimate Resolution of the Idaho Case Would Resolve the Issues in This Case

The Court should also deny a stay because the legal premise that Appellants declare as a certainty is, in fact, dubious.

As the district court here found, Appellants' contention "that resolution of the Idaho litigation will have an impact on this suit . . . is far from certain." Exhibit 1 to Appellants' Stay Motion at 30. "Any ruling from the court presiding over the Idaho litigation would have little more than persuasive effect" in Montana. *Id*. If the District of Idaho ultimately "concludes that the Idaho statute obligating Menges to register as a sexual offender is constitutional," the District of Montana "is not precluded from reaching an opposite conclusion on Montana's

registration requirement." *Id*. "This alone undermines the practical effect of imposing a stay." *Id*.

It is also not clear that Appellants are correct as a matter of statutory interpretation that even a permanent injunction in Idaho would relieve Menges of a registration requirement in Montana. Under the Montana Sexual or Violent Offender Registration Act, a person must register as a sex offender in Montana for "any violation of a law of another state . . . for which the offender *was* required to register as a sexual offender after an adjudication or conviction." Mont. Code Ann. § 46-23-502(9)(b) (emphasis added). The use of the past tense and "after an adjudication or conviction" suggests that Montana law looks to something other than the present to determine the registration obligation in Montana—presumably to whether that registration obligation was in place at the time of Menges's conviction. And Menges "was required to register as a sexual offender after an adjudication or conviction"—for more than a quarter-century, in fact. *Id*.

And at least as a technical matter, Menges is still an "offender [who is currently] required to register as a sexual offender after an adjudication or conviction" in Idaho. *Id*. The law requiring anyone with

12

a Crime Against Nature conviction to register as a sex offender in Idaho remains in place. I.C. § 18-8304(1)(a). Federal courts "of course do[ ] not formally repeal the law." *Barr v. Am. Ass'n of Pol. Consultants*, 140 S. Ct. 2335, 2351 n.8 (2020). Instead, courts rely on principles of "vertical and horizontal stare decisis" and executive branches' general respect for judicial decisions to prevent other-and-future government actors from enforcing unconstitutional laws or unconstitutional applications of laws. *Id*.

So while the practical effect of the District of Idaho's preliminary injunction is that Menges does not have to register there, the legal structure remains intact. The preliminary injunction just prevents certain Idaho officials from enforcing that legal structure. A permanent injunction would do the same. Thus, even if Montana's registration scheme looks to present instead of past registration obligations in other states, Menges is at least arguably still an "offender [who is currently] required to register as a sexual offender after an adjudication or conviction" in Idaho—and will be even if he obtains ultimate relief on the merits in the Idaho case. Mont. Code Ann. § 46-23-502(9)(b).

Each of these facts cuts against Appellants' claims that judicial efficiency counsels in favor of a years-long stay here. Even if Idaho enters a permanent injunction against Menges's registration, this Court would still have to pick through these thorny issues (unless Appellants dismiss their appeal).[1]

Because even the ultimate resolution of the Idaho action in Menges's favor might not relieve him of a registration obligation in Montana, this Court should resolve this appeal without waiting years for the final resolution of the Idaho action.

### C. Both States Blame Each Other for Violating Menges's Constitutional Rights

A stay is also unwarranted because both Idaho and Montana officials blame each other for violating Menges's constitutional rights.

---

[1] Even if Appellants were right about everything else, they would still be wrong in claiming that a total victory for Menges in the Idaho case will moot "the entire underlying case" here. Appellants' Renewed Motion at 10. Menges has a judgment in the underlying case here; the underlying case cannot be moot without vacating that judgment. At best, Appellants' *appeal* could become moot and they might be able to seek vacatur of the judgment. Menges would oppose vacatur. And he would appeal any vacatur Appellants obtain. These additional and uncertain steps would create more, not less, inefficiency than if Appellants prosecuted their appeal. That additional inefficiency undercuts the purported basis of Appellants' "renewed" motion.

Appellants seek a stay claiming that Menges's dispute is actually with Idaho and resolution of the Idaho case will resolve the issues in this case. But Idaho officials claim that Menges's claims against them were mooted by him relocating to Montana. *See* Exhibit 4 to Appellants' Stay Motion at 11–13 (summarizing the Idaho defendants' position). Idaho's position is that Montana bears the current responsibility for violating Menges's rights, not Idaho. *Id.*

Should Idaho prevail on its mootness argument, Montana's contention that resolution of the Idaho case would resolve the Montana case would fall apart. This also counsels against a stay.

## IV. The Court Should Sanction Appellants

Twice now, Appellants have thumbed their noses at this Court's orders and refused to file an opening brief within the deadlines this Court imposed. Both times they've filed eleventh hour or untimely motions with alternative requests for extensions of the briefing deadline and ignored the deadline, in violation of this Court's rules stating that such motions do not themselves stay the briefing schedule. 9th Cir. R. 27-11.

This time around they ask this Court for reconsideration outside of the time for seeking reconsideration and style it as something else because they didn't think the Court explained itself well enough. Appellants' "Renewed" Motion at 2, n. 2.

The Court should sanction Appellants' disregard for this Court's rules and orders. It should either dismiss their appeal for failure to prosecute or impose compensatory sanctions to Appellee's counsel for having to oppose this motion.

The Court's rules warn litigants that failure to file an opening brief or follow the Court's rules can result in dismissal for failure to prosecute. 9th Cir. R 42-1 ("When an appellant fails to . . . file a timely brief, or otherwise comply with rules requiring processing the appeal for hearing, an order may be entered by the clerk dismissing the appeal."). And in practice, this Court regularly dismisses appeals for failure to prosecute when an appellant refuses to timely file an opening brief. *E.g.*, *12180 Stratford Trust v. Unigard Indem. Co.*, No. 19-55556, 2021 U.S. App. LEXIS 2163 (9th Cir. Jan. 26, 2021); *Dydzak v. United States*, No. 18-15673, 2019 U.S. App. LEXIS 31370 (9th Cir. Oct. 21, 2019);

*Hoffmann v. Jones*, No. 18-16355, 2018 U.S. App. LEXIS 31700 (9th Cir. Nov. 7, 2018).

In the alternative, the Court should issue compensatory sanctions to Appellee's counsel in an amount to reflect the time Appellee's counsel spent opposing this motion. All federal courts possess inherent powers to issue appropriate sanctions for abusive and bad faith litigation practices. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017)). Such sanctions include awarding attorneys' fees to litigants on the receiving end of such practices. *Id*.

Appellee requests $5,292.50 in sanctions. Declaration of Matthew Strugar ¶ 5. This amount reflects the time Appellee's counsel spent opposing this motion at his regular, reasonable hourly rate. *Id*.

## V. Appellants Are Not Entitled to Yet Another Extension

This is the second time Appellants have just blown their deadline for their opening brief based on a pending motion to stay. But moving for a stay does not automatically stay a briefing deadline. Circuit Rule 27-11 details those motions that *do* automatically stay a briefing deadline: they are motions to dismiss; to transfer to another tribunal;

for full remand; for in forma pauperis status in this Court; for production of transcripts at government expense; and for appointment or withdrawal of counsel. 9th Cir. R. 27-11(a). The rule also states that "[m]otions for reconsideration are disfavored and will not stay the schedule unless otherwise ordered by the Court." 9th Cir. R. 27-11(b).

Appellants' opening brief is now overdue. And it is the second time they've refused to file an opening brief by their deadline.

Especially *because* Appellants' motion was filed to create delay, the Court should not award them with further delay. Appellants have already obtained three lengthy extensions to file their opening brief— one 30-day extension through the mediation program, a second through their streamlined 30-day extension, and a third 40-day extension by refusing to file their opening brief while their initial motion to stay was pending.

It's been more than six months since Appellants took their appeal. It's time to prosecute it. The Court should deny Appellants' alternative request for another 30-day extension to file their opening brief if the Court is disinclined to dismiss the appeal for failure to prosecute.

## Conclusion

Appellants' motion is a thinly disguised motion for reconsideration that comes a week late. Even if it was timely, they do not meet their heavy burden of establishing an indefinite stay is appropriate. Appellants' motion is in bad faith and filed for the purpose of further delay. This Court should not just deny Appellants' motion to stay, it should sanction Appellants for filing it and dismiss the appeal for failure to prosecute.

November 29, 2021

/s/ Matthew Strugar
Matthew Strugar
LAW OFFICE OF MATTHEW STRUGAR

Elizabeth K. Ehret
ATTORNEY AT LAW

*Attorneys for Randall Menges*

### DECLARATION OF MATTHEW STRUGAR

I, Matthew Strugar, declare as follows:

1.      The facts in this declaration are personally known to me and, if called as a witness, I could and would testify completely to them under oath.

2.      I represent the Plaintiff Randall Menges in this appeal. I represented him in this action in the district court. And I represent him in *John Doe & Randall Menges v. Lawrence Wasden, et al.*, Case No. 20-cv-00452-BLW (D. Idaho) and the appeal from the order granting a preliminary injunction that is pending in this Court (Case No. 21–35826).

3.      Attached as Exhibit A is a true and correct copy of the Amended Scheduling Order entered in *John Doe & Randall Menges v. Lawrence Wasden, et al.*, Case No. 20-cv-00452-BLW (D. Idaho, Oct. 14, 2021), ECF No. 90.

4.      Attached as Exhibit B is a true and correct copy of the Defendant's Motion to Stay Proceedings Pending Outcome of Appeal filed in *John Doe & Randall Menges v. Lawrence Wasden, et al.*, Case No. 20-cv-00452-BLW (D. Idaho, Oct. 20, 2021), ECF No. 91.

5.      I spent 7.3 hours researching and preparing this opposition brief. In 2021, my hourly rate is $725 an hour. My lodestar for researching and preparing this opposition is $5,292.50.

In accordance with 28 U.S.C. § 1746 and under penalty of perjury, I swear that the foregoing is true and correct.

/s/ Matthew Strugar
Matthew Strugar
LAW OFFICE OF MATTHEW STRUGAR

*Attorney for Randall Menges*

# Exhibit A

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE and<br>RANDALL MENGES,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>LAWRENCE WASDEN, Attorney<br>General of the State of Idaho;<br>KEDRICK WILLIS, Colonel of the<br>Idaho State Police, LELIA MCNEIL,<br>Bureau Chief of the Idaho State<br>Police Bureau of Criminal<br>Investigation; and THE<br>INDIVIDUAL MEMBERS OF THE<br>IDAHO CODE COMMISSION, all<br>of the above in their official<br>capacities,<br>　　　　　　　Defendants. | Case No. 1:20-cv-00452-BLW<br><br>**AMENDED SCHEDULING<br>ORDER<br>TRACK: (Legal)** |

In accordance with the Court's order (Dkt. 83) and the revised joint litigation and discovery plan submitted by the parties on **October 8, 2021**, and to further the just, speedy, and inexpensive determination of this matter,

**NOW THEREFORE IT IS HEREBY ORDERED** that the following recitation of deadlines and procedures will govern this litigation:

1.    Dispositive Motion Deadline: All dispositive motions, including motions for punitive damages, must be filed by **May 27, 2022**.[1]

2.    Amendment of Pleadings and Joinder of Parties: Motions to amend pleadings and join parties, except for allegations of punitive damages, must have been filed on or before **March 11, 2021**.

3.    Alternative Dispute Resolution: The parties agree that they are unlikely to benefit from alternative dispute resolution at this time. Should parties choose to engage in alternative dispute resolution, they may contact Emily Donnellan, the ADR Administrator, at adr@id.uscourts.gov. Please ensure that all emails directed to adr@id.uscourts.gov contain the case number and title in the email subject line.

4.    Discovery Plan: All discovery must be in accordance with the Federal Rules of Civil Procedure, the Local Rules for the District of Idaho, and the parties' joint discovery plan which is incorporated herein by reference.

5.    Clawback: Pursuant to Fed. R. Evid. 502(d), and Section VI.a. of the parties' amended stipulated litigation plan, it is hereby ORDERED that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case

---

[1] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party. If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an overlength brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed

or in any other federal or state proceeding.

6.     <u>Completion of Fact Discovery</u>: All fact discovery must be completed by **May 6, 2022.** This is a deadline for the completion of all fact discovery; it is not a deadline for discovery requests. Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.

    a.     The Parties shall propound any written discovery by **April 8, 2022**.

    b.     The Parties shall conduct depositions by **May 6, 2022**.

    c.     The Parties shall file discovery motions by **May 13, 2022.**

7.     <u>Disclosure of Experts</u>:

    a.     The **Plaintiff** must disclose the experts intended to be called at trial on or before **January 28, 2022**.

    b.     The **Defendant** must disclose the experts intended to be called at trial on or before **March 4, 2022**.

    c.     **Plaintiff's** rebuttal experts must be identified on or before **March 24, 2022**.

    **d.     ALL** discovery relevant to experts must be completed by **April 15, 2022.**

8.     <u>Reopening Discovery After Interlocutory Appeal</u>. The parties anticipate the possibility of re-opening discovery after the Ninth Circuit Court of Appeals

issues any legal opinion in this case (Ninth Circuit case no. 21-35826). The parties shall meet and confer within 30 days of a decision from the Ninth Circuit. The parties shall set a status conference with the Court to discuss whether a new litigation plan should be submitted.

9. <u>First Interim Status Conference</u>: The Court will conduct a telephonic interim status conference on **March 8, 2022 at 4:00 p.m.** Plaintiff must initiate the conference call by placing it to (208) 334-9145 and must have all appropriate parties on the line.

10. <u>Scheduling of Trial and Pretrial Conference</u>. Plaintiff's counsel must contact courtroom deputy **Jamie Gearhart** within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephonic trial setting conference with the Court to set pre-trial and trial deadlines. If no dispositive motion is filed, Plaintiff's counsel must immediately contact the courtroom deputy within one week of the dispositive motion filing deadline to set a telephonic trial setting conference.

11. <u>Law Clerk</u>: The law clerk assigned to this case is **Hannah Pugh**, and may be reached at (208) 334-9027.

12. <u>Discovery Disputes</u>:

    a. I will **<u>not</u>** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions. I will keep these

motions on my own docket.

b. The parties will strictly comply with the meet and confer requirements of [Local Rule 37.1](#) prior to filing any discovery motions.

c. Prior to filing any discovery motions, counsel must certify, not only that they have complied with [Local Rule 37.1](#), but that they have complied with the Judge's discovery dispute procedures.

d. In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute. To facilitate that mediation, the attorneys will first contact Ms. Pugh, the law clerk assigned to this case, and shall provide her with a brief written summary of the dispute and the parties' respective positions. Ms. Pugh may be able to offer suggestions that will resolve the dispute without the need of my involvement. If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible. I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference. I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

e. Prior to filing any discovery motions, counsel must certify, not only

that they have complied with Local Rule 37.1, but that they have

complied with the foregoing procedures.

13. The Court will conduct **telephonic status conferences** with the parties. The

Court will set those status conferences in a separate notice.

14. <u>Calendaring Clerk</u>: Scheduling matters and calendar issues may be directed

to **Jamie Gearhart**, who may be reached at (208) 334-9021. If reassigned,

consult Judges' web page for staff directory.

15. <u>Docketing Clerk</u>: If you have a docketing question, please contact a docket

clerk[2] at (208) 334-1361.


DATED: October 14, 2021

_____

B. Lynn Winmill
U.S. District Court Judge

---

[2] The Clerk's office staff directory may be found on the Court's webpage:
http://id.uscourts.gov/district/attorneys/DocketingCourtroom_Dep.cfm

**SCHEDULING ORDER - 6**

Exhibit B

LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L OLSEN
Chief of Civil Litigation Division

LESLIE M. HAYES, ISB #7995
DAYTON P. REED, ISB #10775
Deputy Attorneys General
Civil Litigation Division
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
leslie.hayes@ag.idaho.gov
dayton.reed@ag.idaho.gov

       Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE and RANDALL MENGES, | Case No. 1:20-cv-00452 |
|     Plaintiffs, | **MOTION TO STAY PROCEEDINGS** |
| vs. | **PENDING OUTCOME ON APPEAL** |
| LAWRENCE WASDEN, Attorney General of the State of Idaho; KEDRICK WILLS, Colonel of the Idaho State Police Bureau of Criminal Investigation; LEILA MCNEILL, Bureau Chief of the Idaho State Police Bureau of Criminal Investigation and the INDIVIDUAL MEMBERS OF THE IDAHO CODE COMMISSION, all of the above in their official capacities, | |
|     Defendants. | |

MOTION TO STAY PROCEEDINGS PENDING OUTCOME ON APPEAL - 1

COME NOW Defendants by and through their attorneys of record, Deputy Attorneys General Leslie M. Hayes and Dayton P. Reed, and move this Court for a stay of proceedings pending the outcome of the Ninth Circuit Appeal in this matter.

Dated this 20th day of October, 2021.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By: ___/s/ _Leslie M Hayes_____
Leslie M. Hayes
Deputy Attorney General

## CERTIFICATION OF COMPLIANCE

1.      This opposition complies with the type-volume requirements limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the accompanying documents exempted by Federal Rule of Appellate Procedure 27(a)(2)(B), this opposition contains 3,488 words.

2.      This opposition complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac in 14-point, Century Schoolbook font.

/s/ Matthew Strugar
Matthew Strugar
LAW OFFICE OF MATTHEW STRUGAR

**CERTIFICATE OF SERVICE**

I, Matthew Strugar, certify that on November 29, 2021, I electronically filed the foregoing Appellee Randall Menges's Opposition to Appellants' "Renewed" Motion to Stay Proceedings with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF system.

/s/ Matthew Strugar
Matthew Strugar
LAW OFFICE OF MATTHEW STRUGAR